IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLARD P. HALEY, *et al.*,  )
        Plaintiffs,  )
        v.  )    Civil No. 07-1687 (ADC/BJM)
NILO TRANSPORTATION, *et al.*,  )
        Defendants.  )

## REPORT AND RECOMMENDATION

Plaintiffs Willard Haley, his wife Shirley Haley, and their conjugal partnership (collectively the "Haleys") bring this tort action against defendants Nilo Transportation and others (collectively "Nilo"). (Docket No. 2). The Haleys allege that Mr. Haley suffered injuries as a result of the negligent and reckless operation of a vehicle driven by a Nilo agent in which Mr. Haley was a passenger. (Docket No. 2). The Haleys moved for partial summary judgment as to liability (Docket No. 14) and submitted a statement of material facts pursuant to Local Rule 56(b). (Docket No. 14-2). Nilo opposed (Docket No. 17), and the Haleys replied. (Docket No. 19-2). The presiding district judge referred the summary judgment motion and all associated motions to me for a report and recommendation. (Docket No. 22). For the reasons that follow, I recommend that the Haleys' motion for partial summary judgment as to liability be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following material facts, which will be viewed in the light most favorable to defendants as the nonmoving party, are either undisputed or conclusively supported by the evidentiary record, except where otherwise noted.[1]

---

[1] In determining what facts are supported by the evidentiary record, Local Rule 56(e) applies:

Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, **shall be deemed admitted unless properly controverted**. An assertion of fact set forth in a statement of material facts shall be

**Haley, et al. v. Nilo Transportation, et al.**                                                                               Page 2
Civil No. 07-1687 (ADC/BJM)
**REPORT AND RECOMMENDATION**

      This case arises out of injuries allegedly sustained by Mr. Haley when he was a passenger in a vehicle driven by a Nilo agent. Nilo provides ground transportation to American Airlines crew personnel to and from their hotel when the crew is overnight in San Juan. (Docket No. 14-2, ¶ 2). On August 15, 2006, Nilo picked up Mr. Haley at San Juan International Airport. (Id., ¶ 1). Nilo's driver was in an accident while transporting the crew to their hotel, which resulted in injuries to Mr. Haley. (Id., ¶ 3).

      The Haleys filed an amended complaint on August 7, 2007, seeking damages for Mr. Haley's back injuries and other alleged injuries. (Docket No. 2). Nilo answered the amended complaint. (Docket No. 7). The Haleys then moved for partial summary judgment as to liability (Docket No. 14). Pursuant to Local Rule 56(b), the Haleys filed a separate statement of material facts supported by record citations. (Docket No. 14-2). Nilo opposed the Haleys' motion. (Docket No. 17). In its opposition, Nilo submitted a memorandum of law and the deposition testimony of Mr. Rosario López Calle ("López"), the driver of the van carrying Mr. Haley at the time of the accident. (Docket No. 17). However, Nilo did not admit, deny, or qualify the material facts set forth by the Haleys as required by Local Rule 56(c).[2] (Docket No. 17). Moreover, Nilo did not include a separate statement citing relevant portions of the attached López deposition. The Haleys therefore argue persuasively

---

      followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts. (Emphasis supplied).

[2] Local Rule 56(c) provides the following:
A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of the material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule.

that Nilo's opposition does not properly controvert the facts set forth by the Haleys, and the Haleys' facts should be deemed admitted. (Docket 19-2). The Haleys correctly cite well-settled First Circuit case law supporting this proposition. See United Parcel Serv., Inc. v. Florez Galarza, 318 F.3d 323, 330 (1st Cir. 2003); A.M. Capen's Co. v. Am. Trading & Prod. Corp., 202 F.3d 469, 472 (1st Cir. 2000); Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). Further, because this court is under no obligation to "ferret through the record to discern whether any material fact is genuinely in dispute," the court need not "ferret through" the López deposition or any other documents in the record in search of disputed facts. CMI Capital Mkt. Inv. v. Gonzalez Toro, 520 F.3d 58, 62 (1st Cir. 2008). Therefore, because each of the Haleys' material facts are properly supported by record citations, they are deemed admitted by Nilo. See D.P.R.R. 56(e).

## DISCUSSION

### I. Standard of Review on Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material only if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining if a material fact is "genuine," the court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; Leary v. Dalton, 58 F.3d 748, 751 (1st Cir. 1995).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." Crawford-El v. Britton, 523 U.S. 574, 600 n.22 (1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Once this

threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. Fed. R. Civ. P. 56(e); Libertad v. Welch, 53 F.3d 428, 435 (1st Cir. 1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial" and support such facts with "affidavits . . . made on personal knowledge . . . set[ting] forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e).

Further, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Of course, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party." Leary, 58 F.3d at 751. Still, summary judgment is appropriate where the nonmoving party rests entirely upon "conclusory allegations, improbable inferences, and unsupported speculation" on any essential element of the claim. Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## II. Analysis

The Haleys moved for summary judgment as to defendants' liability. (Docket No. 14). Specifically, the Haleys argue that Nilo is liable because Nilo breached its duty of care to Mr. Haley when the Nilo van was in an accident while transporting Mr. Haley. (Docket No. 14, 19-2). Because this case is before the court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), Puerto Rico law applies. See Erie R.R. v. Tompkins, 304 U.S. 64, 77 (1938) (stating that except in matters governed by the Constitution or acts of Congress, "the law to be applied in any case is the law of the state").

### A. Liability Under Article 1802

This claim arises under Puerto Rico Civil Code Article 1802 ("Article 1802"). 31 P.R. Laws Ann. § 5141 (2006). (Docket No. 2). See Bonilla v. Chardón, 18 P.R. Offic. Trans. 696, 709, 118 D.P.R. 599, 610 (1987) (stating that tort liability arises under Article 1802). Article 1802 provides in relevant part that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 P.R. Laws Ann. § 5141 (2006).

**Haley, et al. v. Nilo Transportation, et al.**                                                                Page 5
Civil No. 07-1687 (ADC/BJM)
**REPORT AND RECOMMENDATION**

Specifically, the Haleys allege that Nilo is responsible for Mr. Haley's back injuries as a result of a Nilo driver's fault or negligence. (Docket No. 2). According to Article 1802, Nilo will be obliged to pay damages to the Haleys if it is determined that Nilo was negligent or otherwise at fault and breached its duty of care to Mr. Haley. 31 P.R. Laws Ann. § 5141 (2006). Moreover, even if Mr. Haley is found to have contributed to his injuries, Nilo will still be responsible for paying its share of the damages. 31 P.R. Laws Ann. § 5141 (2006) ("Concurrent imprudence of the party aggrieved does not exculpate from liability, but entails a reduction of the indemnity").

### 2. Legal Standard of Liability

Under Puerto Rico law, the degree of care a carrier must observe for the safety of a passenger, to exonerate it from liability for injury, is a question of law. Rodríguez v. White Star Bus Line, 54 P.R.R. 294, 304 (1939). Public carriers are subject to a heightened standard of care for their passengers. Muñoz Cellés v. NY & Porto Rico Steamship Co., 72 P.R.R. 543, 546 (1951). See also In re N-500L Cases, 691 F.2d 15, 28 (1st Cir. 1982) (citing Muñoz). In Muñoz, a ship passenger was thrown across a passenger lounge when her chair became loose from the hooks which secured it to the bulkhead, suffering injuries to her left hand. 72 P.R.R. at 544. The Puerto Rico Supreme Court affirmed the district court's ruling in favor of the plaintiff, noting that as a passenger of a carrier, the plaintiff was entitled to "not the ordinary care for her safety, but the highest degree of care possible." Id. at 546 (citing Maibrunn v. Hamburg-Am. S.S. Co., 77 F.2d 304, 305 (2d Cir. 1935) (stating that as a passenger aboard a carrier, the plaintiff was entitled to "much more than the ordinary measure of care . . . [the standard] is very high indeed")). See also Rivera v. Amador, 86 P.R.R. 812, 815 (1962) (stating that "the degree of care is greater when it concerns a public carrier").[3]

---

[3] In their assertion that public carriers are subject to a heightened standard of care, the Haleys rely principally on Pérez v. Am. R.R. Co. of P.R., 9 P.R.R. 105 (1905). Pérez involved the death of a bystander trespassing onto railroad tracks in the path of an oncoming train. Id. at 199. While Pérez notes that carriers are held to the "strictest measure of accountability" to their passengers, this brief mention of carrier liability to passengers is mere dicta in a case whose facts deal with injury to trespassing bystanders, not to passengers. Id. at 205.

**Haley, et al. v. Nilo Transportation, et al.** Page 6
Civil No. 07-1687 (ADC/BJM)
**REPORT AND RECOMMENDATION**

Nevertheless, public carriers are not held strictly liable as insurers of their passengers. Widow of Blanco v. Metro. Bus Auth., 89 P.R.R. 722, 723-724 (1963) (stating that public carriers are not liable without fault). In Blanco, the plaintiff was injured when a public bus "started suddenly" before the plaintiff took her seat, and she was thrown off balance and fell to the floor. Id. at 724-725. The Puerto Rico Supreme Court affirmed the trial court's judgment for the defendant-carrier, stating that while public carriers are required to "exercise the highest degree of care and prudence," they are not held "absolutely liable" for injuries which result from their normal operation, including a normal jerk or jolt. Id. (citing Callander v. White Star Bus Line, Inc., 57 P.R.R. 164, 165 (1940)).

Nilo attempts to refute the heightened standard for carriers by stating that the cases cited by the Haleys are outdated and "not the present standard." (Docket No. 17). However, Nilo offers no support for this assertion, and the court has not identified any recent cases suggesting that the standard has changed. Next, Nilo argues that its van involved in the accident is not a "public carrier" subject to the heightened standard of care, citing Cárdenas Maxán v. Rodríguez Rodríguez. No. RE-88-223, slip op. at 1, 125 D.P.R. 702 (Mar. 9, 1990). (Docket No. 17). However, Cárdenas involved an accident between two privately-owned automobiles, neither of which could be aptly classified as a "public carrier" under Puerto Rico law. See 27 P.R. Laws Ann. § 1002(d). Cárdenas, slip op. at 1. Nilo reasons that because its van was used only to transport American Airlines personnel who paid the owner, it should be held to only an ordinary standard of care. (Docket No. 17). However, these facts are not in the record on summary judgment, nor is this argument supported by any legal justification. Under Puerto Rico law, the Nilo van appears to qualify as a "public carrier" under the statutory classification of "taxi enterprise." See 27 P.R. Laws Ann. § 1002 (g) (2001).[4] Therefore, the Nilo van appears to be properly classified as a "public carrier," and thus subject to a heightened

---

[4] Section 1002 (g) provides as follows: "[Taxi enterprises include] any person who as a public carrier owns, controls, operates or manages any motor vehicle of a capacity not over seven passengers, used for the transportation of passengers and of baggage incidental to the transportation thereof, over any public overland highway."

**Haley, et al. v. Nilo Transportation, et al.**                                                            Page 7
Civil No. 07-1687 (ADC/BJM)
**REPORT AND RECOMMENDATION**

standard of care for its passenger.

### 3. Proof of Negligence

Under Puerto Rico law, all injuries give rise to a remedy if the following three conditions are met: (1) a real injury occurred; (2) there is a causal nexus between the injury and an act or omission of another; and (3) the act or omission was culpable or negligent.[5] Chardón, 18 P.R. Offic. Trans. at 709, 118 D.P.R. at 610. While it is uncontested for summary judgment purposes that Mr. Haley suffered injuries as a result of the accident, the Haleys failed to articulate that the Nilo driver was negligent or otherwise culpable in causing the accident. (Docket No. 14-2, ¶ 3).

Case law in Puerto Rico makes clear that while carriers are held to a heightened standard of care, there must nevertheless be a showing of negligence on behalf of the carrier to find liability. See Muñoz, 72 P.R.R. at 547. See also Blanco, 89 P.R.R. 724-725 (stating that public carriers are not "absolutely liable" for injuries resulting from normal operation). In Muñoz, the court articulated the specific grounds on which it found the carrier-defendant to be negligent: "negligence in this case consisted in that, if [the defendant] considered necessary for the safety of the passengers to keep the chairs secured to the bulkhead with hooks, [the hooks] should have been placed in such a way that they would not be pulled out by a rough movement of the ship." 72 P.R.R. at 547. Here, the Haleys have failed to provide any facts so much as suggesting that the Nilo driver was negligent or otherwise culpable with regard to the accident which resulted in Mr. Haley's injuries. The Haleys' statement of facts states only that "Nilo Transportation's driver was in an accident while transporting the crew to their hotel, which resulted in injuries to [Mr.] Haley." (Docket No. 14-2, ¶ 3). The Haleys do not

---

[5] Under Article 1802, the words "fault" and "negligent" are not synonymous. Compañía Transatlántica Española, S.A. v. Meléndez Torres, 358 F.2d 209, 213 (1966) (stating that "the word 'fault' should not be equated with the word 'negligence'"). Specifically, "fault" within the context of Article 1802 means a "defect in acting committed knowingly and willingly." Reyes v. Heirs of Sánchez Soto, 98 P.R.R. 299, 303-304 (1970). On the other hand, civil law "negligence"consists of "not anticipating and foreseeing the rational consequences of an act or the the failure to perform an act which a prudent person could have foreseen under the same circumstances." Ramos v. Carlo, 85 P.R.R. 337, 342 (1962).

**Haley, et al. v. Nilo Transportation, et al.** Page 8
Civil No. 07-1687 (ADC/BJM)
**REPORT AND RECOMMENDATION**

provide any additional facts concerning the circumstances of the accident, thus leaving open the possibility that the accident occurred through no fault of Nilo or its driver. Therefore, the undisputed facts in the record are insufficient to permit a finding that Nilo was "culpable or negligent." 31 P.R. Laws Ann. § 5141 (2006).

Thus, there remains a genuine issue as to whether Nilo's driver was at fault or negligent in causing the accident, and therefore the Haleys have failed to demonstrate that summary judgment should be granted on the issue of Nilo's liability.

## CONCLUSION

For the reasons stated above, I recommend that the plaintiffs' motion for partial summary judgment be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Failure to file timely specific objections to this Report and Recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

**IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico, this 11th day of June, 2009.

                    **S/Bruce J. McGiverin**
                    BRUCE J. McGIVERIN
                    United States Magistrate Judge